IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GARY TARRANT and | § | |
| DONNA TARRANT, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-05-CV-146 (TJW) |
| | § | |
| THE J.D. RUSSELL COMPANY, | § | |
|     Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is J.D. Russell Company's ("Russell") Motion to Transfer Venue. Having considered the parties' written submissions, the Court DENIES the motion.

**I. BACKGROUND**

On April 14, 2005, Plaintiffs Gary Tarrant and Donna Tarrant ("the Tarrants") filed negligence this lawsuit in the Marshall Division of the Eastern District arising out of an injury sustained by Gary Tarrant. The Defendant, Russell, has moved to transfer venue to the Sherman Division of the Eastern District of Texas.

**II. APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the

parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). The Court will not consider the location of the parties' counsel as this factor is not applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.  APPLICATION OF THE TRANSFER FACTORS

As Russell's transfer request is within the Eastern District, this Court need not consider whether the Tarrants' claims could have been filed in the judicial district to which transfer is sought. This requirement is obviously met so the Court will consider the transfer factors as they apply to all of the claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204.  After considering all of the factors, the Court finds that the reasons to retain the case in Marshall outweigh the reasons to transfer to Sherman.

1. <u>The Private Factors</u>

(1) *The plaintiff's forum choice.*

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434.  Plaintiffs chose to bring their suit in Marshall and therefore this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

Proof relating to both parties is either located in the Eastern District of Texas or Tucson, Arizona.  Because all proof located outside of the Eastern District can be easily sent to both Marshall and Sherman, the Court finds that this factor is neutral.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

The parties have not identified any unwilling witnesses that would be subject to compulsory process in Sherman but not in Marshall.  As such, this factor does not support transfer.

(4) *The willing witnesses' cost of attendance.*

Although Marshall does not have an airport, neither does Sherman.  Defendant asserts that to travel from Tucson to Sherman is much more convenient than travel from Tucson to Marshall.  The

Court is not persuaded by this argument.

Marshall is approximately 60 miles from Tyler, Texas, which has an airport with daily flights to and from DFW Airport. Marshall is approximately 40 miles from Shreveport, Louisiana, which also has an airport with daily flights to and from DFW. Witnesses from out of state will not be substantially more inconvenienced to attend trial in Marshall than in Sherman. As compared to Sherman, Marshall only needs an additional connecting flight to make it just as convenient as Sherman. Both the Marshall or Sherman Divisions will likely require that witnesses remain overnight.

As to potential witnesses in Farmersville being two hours farther away from Marshall than Sherman, the Court finds that this factor only minimally supports transfer. Defendant has offered no proof in the form of affidavits or documents establishing that witnesses in Farmersville would be inconvenienced by a Marshall setting for this case. Thus, to the extent this factor favors transfer, it does so only marginally.

2. <u>Remaining Factors</u>

As to the other practical problems that make the case's trial easy, expeditious, and inexpensive, the administrative difficulties flowing from court congestion, the local interest in having local issues decided at home, the forum's familiarity with the governing law, and the avoidance of unnecessary conflict of laws problems involving foreign law's application, the Court finds that all of these factors are neutral as to a transfer from Marshall to Sherman.

### IV. CONCLUSION

The Court finds that, when considering all of the factors, transfer from Marshall to Sherman is inappropriate in this case. Accordingly, the Court DENIES Russell's motion.

SIGNED this 11th day of August, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE